PHILLIP A. TALBERT
United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ASHLI HEALTHCARE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>Defendant. | CASE NO.  1:23-CV-01443-NODJ-BAM<br><br>**ANSWER** |

Defendant, Xavier Becerra, in his official capacity as the Secretary of the United States Department of Health and Human Services, by and through the United States Attorney, files this Answer to the Complaint for Judicial Review ("Complaint").

Answering the numbered paragraphs of the Complaint and using the same numbering, Defendant asserts the following:

The opening unnumbered paragraph of the Complaint is Plaintiff's statement of the nature of its civil action, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations in this paragraph.

1.      Defendant lacks knowledge or information to form a belief as to the truth of the allegation that Plaintiff's principal place of business is in Bakersfield, California and, on that basis, denies the allegations as stated. The allegations in this paragraph otherwise consist of Plaintiff's own

characterizations of the nature, extent, and legal status of its business, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

2.      The allegations in this paragraph consist of Plaintiff's own characterization of its status vis-a-vis the Medicare program and Medicare beneficiaries, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

3.      Defendant admits only that Plaintiff was enrolled in the Medicare program as a supplier at all times relevant to the instant matter. The allegations in this paragraph otherwise consist of Plaintiff's own characterizations of its status vis-a-vis the Medicare program and its requirements. Except as specifically admitted, to the extent an answer is deemed required, Defendant denies each and every remaining allegation in paragraph 3 of the Complaint.

4.      Defendant admits only that Xavier Becerra serves as the Secretary of the U.S. Department of Health and Human Services, and that the U.S. Department of Health and Human Services administers the Medicare program, a program created under Title XVIII of the Social Security Act, as amended.  The allegations in this paragraph otherwise consist of Plaintiff's designation, citation, and characterizations of the legal status of the defendant named by Plaintiff in this civil action, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations as stated.

5.      Defendant admits only that the Centers for Medicare & Medicaid Services ("CMS"), an agency in the U.S. Department of Health and Human Services, administers the day-to-day operation of the Medicare program. The allegations in this paragraph otherwise consist of Plaintiff's characterizations and a legal citation, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

6.      Defendant admits only that various contractors are utilized in the administration of certain aspects of the Medicare program. The allegations in this paragraph otherwise consist of Plaintiff's characterizations of the legal status and functions of some contractors, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

7.      Defendant admits only that the Office of Medicare Hearings and Appeals is a component of the U.S. Department of Health and Human Services involved in the Medicare claim administrative

appeal process. The allegations in this paragraph otherwise consist of Plaintiff's characterizations of the component's operations and legal status, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

8. Defendant admits only that the Departmental Appeals Board is a component of the U.S. Department of Health and Human Services involved in the Medicare claim administrative appeal process through its Medicare Appeals Council. The allegations in this paragraph otherwise consist of Plaintiff's characterizations of the component's operations and legal status, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

9. The allegations in this paragraph are a statement of Plaintiff's own choice of nomenclature, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

10. Answering paragraph 10 of the Complaint, Defendant admits only that Plaintiff is asserting claims under Title VIII of the Social Security Act, 42 U.S.C. § 1395 et seq.  Defendant denies that any of Plaintiff's claims state a claim for relief and denies the remaining allegations of this paragraph.

11. The allegations in this paragraph are Plaintiff's invocation of alleged legal bases for Plaintiff's civil action, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations. Defendant admits only that to the extent the Court may have jurisdiction at all, said jurisdiction is limited to review of the agency decision, under 42 U.S.C. § 1395ff, which incorporates 42 U.S.C. § 405(g).

12. The allegations in this paragraph consist of Plaintiff's characterization of Plaintiff's legal basis for this civil action, to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

13. The allegations in this paragraph consist of Plaintiff's citation to and characterization of the contents of a case decision and certain Medicare regulations, to which no answer is required, as the decision and regulatory text speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and respectfully refers the Court to the cited case decision and regulations for their full and correct contents.

14.     The allegations in this paragraph consist of Plaintiff's citation to, and description and application of, statutory provisions, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

15.     The allegations in this paragraph consist of Plaintiff's citation to and description and application of Medicare regulations, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations as stated and refers the Court to the cited regulations for their full and correct contents.

16.     Defendant lacks knowledge or information to form a belief as to the truth of the allegation that Plaintiff's principal place of business is in Bakersfield, California and, on that basis, denies the allegations as stated. The allegations in this paragraph otherwise consist of Plaintiff's legal conclusions to which no answer is required; to the extent an answer may be deemed to be required, Defendant denies the allegations.

17.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of statutory provisions and case decisions, to which no answer is required, as the decisions and statutory text speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and case decisions for their full and correct contents.

18.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations as stated. Defendant respectfully refers the Court to the cited case decisions for their full and correct contents.

19.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

20.     The allegations in this paragraph consist of Plaintiff's citation to and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may

be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

21.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

22.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, a statutory provision, and a regulation, to which no answer is required, as the decision, statute and regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions, statutory provision, and regulation for their full and correct contents.

23.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of a statutory provision and case decision, to which no answer is required, as the decision and statute  speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and case decision for their full and correct contents.

24.     The allegations in this paragraph consist of Plaintiff's citations to a statutory provision and to case decision, to which no answer is required, as the decision and statutory provision speaks for itself; to the extent an answer may be deemed to be required, Defendant denies the allegations as stated. Defendant respectfully refers the Court to the cited statutory provision and case decision for their full and correct contents.

25.     The allegations in this paragraph consist of Plaintiff's citation to and descriptions of a case decision, to which no answer is required as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

26.     The allegations in this paragraph consist of Plaintiff's citation to and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

27.     The allegations in this paragraph consist of Plaintiff's citation to and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

28.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

29.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

30.     The allegations in this paragraph consist of Plaintiff's citation to a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

31.     The allegations in this paragraph consist of Plaintiff's citations to a statutory provision and to a case decision, to which no answer is required, as the decision and statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and case decision for their full and correct contents.

32.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

33.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

34.     The allegations in this paragraph consist of Plaintiff's legal conclusions, and citations to and descriptions of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

35.     The allegations in this paragraph consist of Plaintiff's legal conclusions, and citations to and descriptions of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

36.     The allegations in this paragraph consist of Plaintiff's construction of legal principles, and Plaintiff's citations to Medicare regulations, to which no answer is required, as the regulations speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

37.     The allegations in this paragraph consist of Plaintiff's citation and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

38.     The allegations in this paragraph consist of Plaintiff's citation and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

39.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statutory provision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

40.     The allegations in this paragraph and the associated footnote 1 consist of Plaintiff's citations to and descriptions of case decisions, to which no answer is required, as the decisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

41.     The allegations in this paragraph consist of Plaintiff's legal conclusions and citations to case decisions, to which no answer is required, as the decisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the and refers the Court to the cited case decisions for their full and correct contents.

42.     Defendant admits only that Congress enacted Medicare in 1965 under Title XVIII of the Social Security Act. The remaining allegations in this paragraph otherwise consist of Plaintiff's citations to and descriptions of a statutory provision and legislation, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and legislation for their full and correct contents.

43.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision and legislation, to which no answer is required, as the statutory provision and legislation speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and legislation for their full and correct contents.

44.     Defendant admits the allegations of this paragraph.

45.     Defendant admits only the instant matter relates to Medicare Part B. The remaining allegations in this paragraph otherwise consist of Plaintiff's citations to and descriptions of statutory provisions and Medicare regulations, to which no answer is required, as the statutes and regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and regulations for their full and correct contents.

46.     The allegations in this paragraph consist of Plaintiff's citation to and description of Medicare regulations, to which no answer is required, as the regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

47.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an

answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

48.     The allegations in this paragraph consist of citations to and descriptions of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

49.     The allegations in this paragraph consist of Plaintiff's citation to and descriptions of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

50.     The allegations in this paragraph consist of Plaintiff's citation to and description of case decisions, to which no answer is required, as the decisions speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

51.     The allegations in this paragraph consist of Plaintiff's legal characterization of aspects and incidents of Medicare claims and billing, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations.

52.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statutory provision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

53.     The allegations in this paragraph consist of Plaintiff's citation to and description of statutory provisions, to which no answer is required, as the statutes speak for themselves; to the extent an answer may be deemed to be required, Defendant denies the allegations as stated. Defendant respectfully refers the Court to the cited statutory provisions for their full and correct contents.

54.     The allegations in this paragraph consist of Plaintiff's characterization of the nature and terms of the use of contractors in the administration of the Medicare program, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations.

55.     The allegations in this paragraph consist of Plaintiff's citation to a regulatory provision, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant admits that some payment decisions are audited in a post-payment review process.  Defendant denies the remaining allegations and refers the Court to the cited regulatory provision for its full and correct contents.

56.     The allegations in this paragraph consist of Plaintiff's citation to a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for is full and correct contents.

57.     The allegations in this paragraph consist of Plaintiff's citation to a statutory provision, to Medicare regulations, and to a provision in the Medicare Program Integrity Manual, which no answer is required, as the text of the statute, regulations and manual speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision, regulations, and manual provision for their full and correct contents.

58.     The allegations in this paragraph consist of Plaintiff's citations to and descriptions of statutory provisions, a Medicare regulation, and portions of the Medicare Program Integrity Manual, to which no answer is required to which no answer is required, as the text of the statute, regulations and manual speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions, regulation, and portions of the Medicare Program Integrity Manual for their full and correct contents.

59.     The allegations in this paragraph consist of Plaintiff's characterization of incidents of the operations of unified zone program integrity contractors, along with citation to a publication of the Centers for Medicare & Medicaid Services, to which no answer is required, as the text of the publication speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited publication for its full and correct contents.

60.     The allegations in this paragraph consist of Plaintiff's characterization of incidents of the operations of unified zone program integrity contractors, along with citations to a decision of the Government Accountability Office and to a CMS document, to which no answer is required, as the text

of the referenced operations and documents speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited documents for their full and correct contents.

61.     The allegations in this paragraph consist of Plaintiff's characterization of incidents of the operations of unified zone program integrity contractors, along with citation to a publication of the Centers for Medicare & Medicaid Services, to which no answer is required, as the text of the publication speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited publication for its full and correct contents.

62.     The allegations in this paragraph consist of Plaintiff's characterization of incidents of the operations of unified zone program integrity contractors, along with citation to a publication of the Centers for Medicare & Medicaid Services, to which no answer is required, as the text of the publication speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited publication for its full and correct contents.

63.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the text of the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

64.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

65.     The allegations in this paragraph consist of Plaintiff's citation to and description of statutory provisions and Medicare regulations, to which no answer is required, as the statute and regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and regulations for their full and correct contents.

66.     The allegations in this paragraph consist of Plaintiff's citation to and description of Medicare regulations, to which no answer is required, as the regulations speak for themselves; to the

extent an answer may be deemed to be required, Defendant denies the allegations as stated. Defendant respectfully refers the Court to the cited regulations for their full and correct contents.

67.     The allegations in this paragraph consist of Plaintiff's characterization of certain duties of Medicare administrative contractors, along with citation to and description of a Medicare regulation and to the CMS website, to which no answer is required, as the regulation and text of the website speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation and cited portion of the CMS website for their full and correct contents.

68.     The allegations in this paragraph consist of Plaintiff's characterization of certain legal obligations of Medicare administrative contractors, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant admits that MACs are required to follow federal statutes, regulations, and CMS program guidance to the extent they apply to any particular actions by the MACs.

69.     The allegations in this paragraph consist of Plaintiff's characterization of certain aspects of the contracts of Medicare administrative contractors, along with citation to and description of a statutory provision and to the CMS website, to which no answer is required, as the statute, contract and website speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and to the cited portion of the CMS website for their full and correct contents.

70.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself; to the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

71.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

72.     The allegations in this paragraph consist of Plaintiff's citation to and description of a

statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

73.     The allegations in this paragraph consist of Plaintiff's citation to and description of statutory provisions, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions for their full and correct contents.

74.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

75.     The allegations in this paragraph consist of Plaintiff's citation to and description of materials published on the website of the Centers for Medicare & Medicaid Services regarding aspects of the Medicare program, to which no answer is required, as the text of the published materials speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited website address for its full and correct contents.

76.     The allegations in this paragraph consist of Plaintiff's citation to and description of statutory provisions and Medicare regulations, to which no answer is required, as the statute and regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and regulations for their full and correct contents.

77.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

78.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited

statutory provision for its full and correct contents.

79.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision and to Medicare regulations, to which no answer is required, as the statute and regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and regulations for their full and correct contents.

80.     The allegations in this paragraph consist of Plaintiff's citation to and description of legislation and to a CMS publication (in the Medicare Learning Network), to which no answer is required, as the legislation and publication speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited legislation and CMS publication for their full and correct contents. The cited CMS publication, dated August 2022, may be found on the CMS website, at https://www.cms.gov/outreach-and-education/medicare-learning-network-mln/mlnproducts/downloads/medicareappealsprocess.pdf.

81.     The allegations in this paragraph consist of Plaintiff's citation to and description of Medicare regulations, to which no answer is required, as the regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

82.     The allegations in this paragraph consist of Plaintiff's continued citation to and descriptions of case decisions, to which no answer is required, as the decisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

83.     The allegations in this paragraph consist of Plaintiff's continued citation to and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

84.     The allegations in this paragraph consist of Plaintiff's citation to and description of a case citation, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case

decision for its full and correct contents.

85.    The allegations in this paragraph consist of Plaintiff's citation to and description of a regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

86.    The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

87.    The allegations in this paragraph consist of Plaintiff's citation to and description of materials in the Federal Register, to which no answer is required, as the Federal Register speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited page in the Federal Register for its full and correct contents.

88.    The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant admits this is a regulatory requirement.

89.    The allegations in this paragraph consist of Plaintiff's citations to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

90.    The allegations in this paragraph consist of Plaintiff's citation to and description of materials in the Federal Register, to which no answer is required, as the Federal Register speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials in the Federal Register for their full and correct contents.

91.    The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

92.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

93.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

94.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and respectfully refers the Court to the cited regulation for its full and correct contents.

95.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and respectfully refers the Court to the cited regulation for its full and correct contents.

96.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and respectfully refers the Court to the cited regulation for its full and correct contents.

97.     The allegations in this paragraph consist of Plaintiff's citation to, and description and characterization of, several Medicare regulations, to which no answer is required, as the regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

98.     The allegations in this paragraph consist of Plaintiff's citation to and characterization and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

99.     The allegations in this paragraph consist of Plaintiff's citation to and characterization and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

100.     The allegations in this paragraph consist of legal conclusions to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations.

101.     The allegations in this paragraph consist of Plaintiff's citation to and description of Medicare regulations, to which no answer is required, as the regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

102.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision and Medicare regulations, to which no answer is required, as the statute and regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and regulations for their full and correct contents.

103.     The allegations in this paragraph consist of Plaintiff's citation to and description of Medicare regulations, to which no answer is required, as the regulations speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

104.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

105.     The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

106.     The allegations in this paragraph consist of Plaintiff's citation to and description of

Medicare regulations, to which no answer is required, as the regulations speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulations for their full and correct contents.

107.    The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

108.    The allegations in this paragraph consist of Plaintiff's citation to and description of a Medicare regulation and to statutory provisions, to which no answer is required, as the statute and regulation speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation and statutory provisions for their full and correct contents.

109.    The allegations in this paragraph consist of Plaintiff's citation to and description of a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

110.    The allegations in this paragraph consist of Plaintiff's citation to and description of materials in the Federal Register and to a statute, to which no answer is required, as the statute and Federal Register speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials in the Federal Register and statute for their full and correct contents.

111.    The allegations in this paragraph consist of Plaintiff's citation to and description of materials in the Federal Register and to materials on the website of the Office of Inspector General of the U.S. Department of Health and Human Services, to which no answer is required, as the materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials in the Federal Register and the website for their full and correct contents.

112.    The allegations in this paragraph consist of Plaintiff's citation to and description of

materials on the website of the Office of Inspector General of the U.S. Department of Health and Human Services, to which no answer is required, as the materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials for their full and correct contents.

113.   The allegations in this paragraph consist of Plaintiff's citation to and description of statutory provisions, to which no answer is required, as the statutory provisions speak for themselves. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions for their full and correct contents.

114.   The allegations in this paragraph consist of Plaintiff's citation to and description of statutory provisions and to materials on the website of the Office of Inspector General of the U.S. Department of Health and Human Services, to which no answer is required, as the statute and materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions and cited materials for their full and correct contents.

115.   The allegations in the first sentence of this paragraph consist of Plaintiff's citations to, and description and characterization of, a statutory provision about the Medicare appeal process, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

116.   The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

117.   The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

118.   The allegations in this paragraph consist of Plaintiff's citation to and description of

statutory provisions, to which no answer is required, as the statutory provisions speak for themselves. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provisions for their full and correct contents.

119.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

120.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

121.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

122.     The allegations in this paragraph consist of Plaintiff's citation to and description of a requirement as published in the Federal Register, to which no answer is required, as the Federal Register speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited page of the Federal Register for its full and correct contents.

123.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision and a Medicare regulation, to which no answer is required, as the statute and regulation speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and regulation for their full and correct contents.

124.     The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision and a Medicare regulation, to which no answer is required, as the statute and regulation speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and regulation for their full

and correct contents.

125.   The allegations in this paragraph consist of Plaintiff's citations to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

126.   The allegations in this paragraph consist of Plaintiff's citations to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

127.   The allegations in this paragraph consist of Plaintiff's continued citation to and description of a Medicare regulation, to which no answer is required, as the regulation speaks for itself. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

128.   The allegations in this paragraph consist of Plaintiff's citation to and description of certain materials on the website of the Centers for Medicare & Medicaid Services, to which no answer is required, as the materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials for their full and correct contents.

129.   The allegations in this paragraph consist of Plaintiff's citation to and description of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited CMS Ruling 86-1, which is available on the CMS website at https://www.cms.gov/Medicare/Appeals-and-Grievances/OrgMedFFSAppeals/Downloads/HCFAR861v508.pdf for its full and correct contents.

130.   The allegations in this paragraph consist of Plaintiff's citation to and description of legislation and statutory provisions, to which no answer is required, as the legislation and statutory provisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited legislation and statutory provisions for their full and correct contents.

131. The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

132. The allegations in this paragraph consist of Plaintiff's characterization of the purpose of the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents. The Medicare Program Integrity Manual, CMS Publication 100-08, is available on the website of the Centers for Medicare & Medicaid Services at www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs.

133. The allegations in this paragraph consist of Plaintiff's citation to and description of legislation and statutory provisions, to which no answer is required, as the legislation and statutory provisions speak for themselves. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited legislation and statutory provisions for their full and correct contents.

134. The allegations in this paragraph consist of Plaintiff's citation to and description of a statutory provision, to which no answer is required, as the statute speaks for itself. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

135. The allegations in this paragraph consist of Plaintiff's citation to and description of a legislation and a statutory provision, to which no answer is required, as the legislation and statute speak for themselves. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited legislation and statutory provision for their full and correct contents

136. The allegations in this paragraph consist of Plaintiff's citation to and description of legislation and a statutory provision, to which no answer is required, as the legislation and statute speak for themselves. To the extent an answer may be deemed to be required, Defendant denies the

allegations and refers the Court to the cited legislation and statutory provision for their full and correct contents.

137.    The allegations in this paragraph consist of Plaintiff's citation to and description of a regulatory provision, to which no answer is required, as the regulation speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited regulation for its full and correct contents.

138.    The allegations in this paragraph consist of Plaintiff's characterizations of and legal conclusions about of the interplay among statutory provisions, regulations, and the Medicare Program Integrity Manual, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations.

139.    The allegations in this paragraph consist of Plaintiff's citation to and characterization of aspects of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited CMS Ruling 86-1 for its full and correct contents.

140.    The allegations in this paragraph consist of Plaintiff's citation to and description of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited CMS Ruling 86-1 for its full and correct contents.

141.    The allegations in this paragraph consist of Plaintiff's continued citation to and description of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited CMS Ruling 86-1 for its full and correct contents.

142.    The allegations in this paragraph consist of Plaintiff's citation to and characterization and description of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to CMS Ruling 86-1 for its full and correct contents.

143.    The allegations in this paragraph consist of Plaintiff's continued citation to and description of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the

extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited CMS Ruling 86-1 for its full and correct contents.

144.     The allegations in this paragraph consist of Plaintiff's citation to and description of case decisions, to which no answer is required, as the decisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decisions for their full and correct contents.

145.     The allegations in this paragraph consist of Plaintiff's citation to and description of CMS Ruling 86-1, to which no answer is required, as the ruling speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to CMS Ruling 86-1 for its full and correct contents.

146.     The allegations in this paragraph consist of Plaintiff's characterization of the role and function of the Office of Inspector General of the U.S. Department of Health and Human Services, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations.

147.     The allegations in this paragraph consist of Plaintiff's citation to and characterization of a statutory provision and a report of the Office of Inspector General of the U.S. Department of Health and Human Services, to which no answer is required, as the statute and report speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision and to the report for their full and correct contents. The report is found on the Office of Inspector General website at https://oig.hhs.gov/oas/reports/region5/51800024.asp.

148.     The allegations in this paragraph consist of Plaintiff's citation to and characterization of a statutory provision, to which no answer is required, as the statute speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited statutory provision for its full and correct contents.

149.     The allegations in this paragraph consist of Plaintiff's citation to and description of a section of a chapter in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its

full and correct contents.

150.     The allegations in this paragraph consist of Plaintiff's citation to and description of a section of a chapter in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

151.     The allegations in this paragraph consist of Plaintiff's characterization of aspects of the history of the Medicare Program Integrity Manual, and citation to and description of a case decision, to which no answer is required, as the manual and decision speaks for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

152.     The allegations in this paragraph consist of Plaintiff's citation to and description of provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

153.     The allegations in this paragraph consist of Plaintiff's characterization of aspects of the Medicare Program Integrity Manual and Plaintiff's citation to and description of a case decision, to which no answer is required, as the manual and decisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations refers the Court to the Medicare Program Integrity Manual and to the cited case decision for their full and correct contents.

154.     The allegations in this paragraph consist of Plaintiff's characterization of aspects of Medicare program guidelines and Plaintiff's citation to and description of a case decision, to which no answer is required, as the applicable guidelines and decision speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations refers the Court to the contents of the Medicare Program Integrity Manual and to the cited case decision for their full and correct contents.

155.     The allegations in this paragraph consist of Plaintiff's citation to and description of a

section in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited section in the Medicare Program Integrity Manual for its full and correct contents.

156.    The allegations in this paragraph consist of Plaintiff's citation to and description of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

157.    The allegations in this paragraph consist of Plaintiff's characterization of certain program guidelines and obligations and Plaintiff's citation to and description of a case decision, to which no answer is required, as the applicable guidelines and decision speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

158.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

159.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

160.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for

their full and correct contents.

161.    The allegations in this paragraph consist of Plaintiff's continued description of unspecified provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

162.    The allegations in this paragraph consist of Plaintiff's continued description of unspecified provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

163.    The allegations in this paragraph appear to consist of Plaintiff's characterization of purported principles of the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

164.    The allegations in this paragraph appear to consist of Plaintiff's characterization of purported principles in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

165.    The allegations in this paragraph appear to consist of Plaintiff's characterization of purported principles in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations as stated. Defendant respectfully refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

166.    The allegations in this paragraph appear to consist of Plaintiff's characterization of purported principles in the Medicare Program Integrity Manual, to which no answer is required, as the

manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

167.    The allegations in this paragraph appear to consist of Plaintiff's characterization of purported principles in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the Medicare Program Integrity Manual for its full and correct contents.

168.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

169.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

170.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

171.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

172.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

173.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

174.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

175.    The allegations in this paragraph consist of Plaintiff's characterizations of activities and positions of the Office of Inspector General of the U.S. Department of Health and Human Services in relation to Corporate Integrity Agreements, with citations to materials, to which no answer is required, as the cited materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials for their full and correct contents.

176.    The allegations in this paragraph consist of Plaintiff's characterizations of activities and positions of the Office of Inspector General of the U.S. Department of Health and Human Services in relation to Corporate Integrity Agreements, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations.

177.    The allegations in this paragraph consist of Plaintiff's characterizations of activities and positions of the Office of Inspector General of the U.S. Department of Health and Human Services in relation to Corporate Integrity Agreements, with citations to materials, to which no answer is required,

as the cited materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials for their full and correct contents.

178.    The allegations in this paragraph consist of Plaintiff's characterizations of activities and positions of the Office of Inspector General of the U.S. Department of Health and Human Services in relation to Corporate Integrity Agreements, with citations to materials, to which no answer is required, as the cited materials speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited materials for their full and correct contents.

179.    The allegations in this paragraph consist of Plaintiff's citation to and description of provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

180.    The allegations in this paragraph consist of Plaintiff's citation to and description of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

181.    The allegations in this paragraph consist of Plaintiff's citation to and description of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

182.    The allegations in this paragraph consist of Plaintiff's characterizations of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself. To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the provision of the Medicare Program Integrity Manual for its full and correct contents.

183.    The allegations in this paragraph consist of Plaintiff's citation to and description of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

184.    The allegations in this paragraph consist of Plaintiff's citation to and description of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

185.    The allegations in this paragraph consist of Plaintiff's citation to and description of CMS Ruling 86-1, and a provision in the Medicare Program Integrity Manual, to which no answer is required, as the ruling and manual speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited CMS Ruling 86-1 and provision of the Medicare Program Integrity Manual for their full and correct contents.

186.    The allegations in this paragraph consist of Plaintiff's citation to and characterizations of an administrative case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited administrative case decision for its full and correct contents.

187.    The allegations in this paragraph consist of Plaintiff's legal argumentation and conclusions, and citations to statutory provisions, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions for their full and correct contents.

188.    The allegations in this paragraph consist of Plaintiff's citation to a case decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited case decision for its full and correct contents.

189.    The allegations in this paragraph consist of Plaintiff's citation to and characterization of

provisions in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions of the Medicare Program Integrity Manual for their full and correct contents.

190.     The allegations in this paragraph consist of Plaintiff's citation to and characterization of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

191.     The allegations in this paragraph consist of Plaintiff's citation to and characterization of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

192.     The allegations in this paragraph consist of Plaintiff's citation to and characterization of a provision in the Medicare Program Integrity Manual, to which no answer is required, as the manual speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provision of the Medicare Program Integrity Manual for its full and correct contents.

193.     The allegations in this paragraph consist of Plaintiff's citation to and characterization of a decision, to which no answer is required, as the decision speaks for itself.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited administrative case decision for its full and correct contents.

194.     The allegations in this paragraph consist of Plaintiff's legal arguments and conclusions, and citations to statutory provisions, to which no answer is required, as the statutory provisions speak for themselves.  To the extent an answer may be deemed to be required, Defendant denies the allegations and refers the Court to the cited provisions for their full and correct contents.

195.     The allegations in this paragraph consist of Plaintiff's characterization of the nature and

basis of its civil action, to which no answer is required.  To the extent an answer may be deemed to be required, Defendant admits that Plaintiff is requesting judicial review of the administrative decision at issue in this case.

196.   Defendant admits that Qlarant Integrity Solutions, LLC, ("Qlarant") sent a letter to Ashli Health Care, Inc. ("Ashli") on January 7, 2021 notifying it that Medicare payments were suspended and that the suspension was based on credible allegations of fraud.  Defendant denies the remaining allegations of this paragraph.

197.   The certified administrative record has not yet been completed in this case. As a result, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on this basis denies the allegations in Paragraph 197.

198.   Defendant admits that Ashli sent a letter to Qlarant dated January 12, 2021. Defendant denies the remaining allegations of this paragraph.

199.   Defendant admits that K&L Gates sent a letter to Qlarant dated January 28, 2021. Defendant denies the remaining allegations of this paragraph.

200.   Defendant admits that Qlarant sent a letter to K&L Gates dated March 30, 2021. Defendant denies the remaining allegations of this paragraph.

201.   Defendant admits that on April 22, 2021, Qlarant sent K&L Gates a letter requesting medical records. Defendant denies the remaining allegations of this paragraph.

202.   Defendant denies the allegations of this paragraph.

203.   Defendant admits the allegations of this paragraph.

204.   Defendant admits the allegations of this paragraph.

205.   Defendant admits only that K&L Gates submitted a response dated January 24, 2022. Defendant denies the remaining allegations of this paragraph.

206.   Defendant admits that Qlarant sent K&L Gates a letter dated February 2, 2022, advising it of CMS's determination. Defendant denies the remaining allegations of this paragraph.

207.   Defendant admits that Qlarant sent K&L Gates a letter dated March 11, 2022, stating Ashli had received Medicare payment in error.  Defendant denies the remaining allegations of this paragraph.

208.   Defendant admits that Qlarant sent K&L Gates a letter dated March 11, 2022, stating that the payment suspension in effect for Medicare payments to Ashli was terminated. Defendant denies the remaining allegations of this paragraph.

209.   Defendant admits that Qlarant provided a CD to K&L Gates.  Defendant denies the allegations of this paragraph.

210.   Defendant admits that Qlarant included a CD with multiple referenced contents along with its March 11, 2022 letter.  Defendant denies the remaining allegations of this paragraph.

211.   Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

212.   Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

213.   Defendant denies the allegations of this paragraph.

214.   Defendant denies the allegations of this paragraph.

215.   Defendant denies the allegations of this paragraph.

216.   Defendant admits that Noridian sent a letter dated March 28, 2022, to Ashli informing it of an overpayment in the amount $1,354,864.  Defendant denies the remaining allegations of this paragraph.

217.   The certified administrative record has not yet been completed in this case. As a result, Defendant denies the allegations of this paragraph for lack of knowledge sufficient to form a belief as to their truth.

218.   Defendant admits that Noridian sent a letter dated March 28, 2022, to Ashli informing it of an overpayment in the amount $1,354,864. Defendant denies the remaining allegations of this paragraph.

219.   Defendant admits that Ashli submitted a redetermination request dated April 27, 2022, to Noridian.  Defendant denies the remaining allegations of this paragraph.

220.   Defendant admits that on June 22, 2022, Noridian issued a Redetermination Decision, which upheld the statistical sampling and extrapolation and overturned some individual claims. Defendant denies the remaining allegations of this paragraph.

221.    Defendant denies the allegations of this paragraph.

222.    Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

223.    Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

224.    Defendant denies the allegations in this paragraph.

225.    Defendant admits that Ashli submitted an expert report by Dr. Haller.  Defendant denies the remaining allegations of this paragraph.

226.    Defendant admits that Maximus issued a partially favorable Reconsideration Decision dated October 17, 2022.  Defendant denies the remaining allegations of this paragraph.

227.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations contained therein.

228.    Defendant admits that there was a recalculated overpayment amount of $1,209,103.00. Defendant denies the remaining allegations of this paragraph.

229.    Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

230.    Defendant admits the allegations of this paragraph.

231.    Defendant admits that there was a prehearing conference on February 16, 2023. Defendant denies the remaining allegations of this paragraph.

232.    Defendant admits the allegations of this paragraph.

233.    Defendant admits that ALJ Troy Smith held a hearing via telephone conference on April 5, 2023 and that Dr. Harold Haller, Ph.D., Statistician, appeared and testified for Ashli.  Defendant denies the remaining allegations of this paragraph.

234.    Defendant admits that ALJ Troy Smith issued a partially favorable decision on May 2, 2023.  Defendant denies the remaining allegations of this paragraph.

235.    Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

236.    Defendant denies the allegations of this paragraph for lack of information sufficient to

form a belief as to their truth.

237.    Defendant admits the allegations of this paragraph.

238.    Defendant admits the allegations of this paragraph.

239.    Defendant admits the allegations of this paragraph.

240.    Defendant admits only that Ashli electronically filed a letter to the Council dated September 28, 2023 stating its plan to escalate this matter.  Defendant denies the remaining allegations of this paragraph.

241.    Defendant admits that the Council has not issued a decision, dismissal, or remand in this case.  Defendant denies the remaining allegations of this paragraph.

242.    Defendant denies the allegations of this paragraph for lack of information sufficient to form a belief as to their truth.

243.    Defendant incorporates his foregoing responses.

244.    Defendant denies the allegations in this paragraph.

245.    Defendant denies the allegations in this paragraph.

246.    Defendant denies the allegations in this paragraph.

247.    Defendant denies the allegations in this paragraph.

248.    Defendant denies the allegations in this paragraph.

249.    Defendant denies the allegations in this paragraph.

250.    Defendant incorporates his foregoing responses.

251.    Defendant denies the allegations in this paragraph.

252.    Defendant denies the allegations in this paragraph.

253.    Defendant denies the allegations in this paragraph.

254.    Defendant denies the allegations in this paragraph.

255.    Defendant denies the allegations in this paragraph.

256.    Defendant denies the allegations in this paragraph.

257.    Defendant denies the allegations in this paragraph.

258.    Defendant denies the allegations in this paragraph.

259.    Defendant incorporates his foregoing responses.

260.    Defendant denies the allegations in this paragraph.

261.    Defendant denies the allegations in this paragraph.

262.    Defendant denies the allegations in this paragraph.

263.    Defendant denies the allegations in this paragraph.

264.    Defendant denies the allegations in this paragraph.

265.    Defendant denies the allegations in this paragraph.

266.    Defendant denies the allegations in this paragraph.

267.    Defendant denies the allegations in this paragraph.

268.    Defendant incorporates his foregoing responses.

269.    Defendant denies the allegations in this paragraph.

270.    Defendant denies the allegations in this paragraph.

271.    Defendant denies the allegations in this paragraph.

272.    Defendant denies the allegations in this paragraph.

273.    Defendant incorporates his foregoing responses.

274.    Defendant denies the allegations in this paragraph.

275.    Defendant denies the allegations in this paragraph.

276.    Defendant denies the allegations in this paragraph.

277.    Defendant denies the allegations in this paragraph.

278.    Defendant denies the allegations in this paragraph.

279.    Defendant controverts Plaintiff's prayer for relief.

280.    Defendant denies all allegations not expressly admitted herein.

281.    Defendant reserves the right to amend its Answer

## AFFIRMATIVE DEFENSES

1.    Court lacks subject matter jurisdiction over plaintiff's claims to the extent that they exceed the scope of the United States' waiver of sovereign immunity under the Social Security Act, 42 U.S.C. §§ 1395 et seq.

2.    Plaintiff fails to state a claim upon which relief may be granted.

3.      The final agency decision, rendered in this matter by an administrative law judge, was supported by substantial evidence in the Administrative Record, comported with the applicable standards, and therefore, is due to be affirmed.

4.      The Court's jurisdiction is limited to a review of the agency decision, pursuant to the exclusive statutory basis for this civil action, 42 U.S.C. § 1395ff, which incorporates 42 U.S.C. § 405(g). Sovereign immunity otherwise applies.

5.      Plaintiff's requested relief is barred, in whole or in part, by sovereign immunity.  See, e.g., 28 U.S.C. § 2674 (barring recovery of prejudgment interest against the United States).

6.      Plaintiff has administratively waived any allegations or claims not presented to the agency in its administrative claims.

7.      Plaintiff's legal arguments are barred, in whole or in part, for failure to exhaust administrative remedies and/or waiver.

8.      The agency did not act arbitrarily, capriciously, with abuse of discretion, or otherwise not in accordance with the law.

9.      To the extent Plaintiff is entitled to attorneys' fees (which Defendant denies), its recovery is limited by statute, including but not limited to 28 U.S.C. § 2412.

10.      Defendant reserves the right to assert additional affirmative defenses as further information warrants.

Respectfully submitted,

Dated:  January 9, 2024

PHILLIP A. TALBERT
United States Attorney


By:   /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney

ANSWER                                          38