UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ASHLI HEALTHCARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services, <br><br> Defendant. | No. 1:23-cv-01443 WBS BAM <br><br> MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO COMPEL COMPLETION OF ADMINISTRATIVE RECORD |

----oo0oo----

Plaintiff Ashli Healthcare, Inc. -- a provider of medical equipment to Medicare beneficiaries -- brought this action seeking judicial review of the final decision of the Secretary of the United States Department of Health and Human Services, which concerns a Medicare overpayment assessed against plaintiff. (First Am. Compl. ("FAC") (Docket No. 23).) Presently before the court is plaintiff's motion to compel the "completion" of the administrative record. (Docket No. 27.)

Jurisdiction in this action is predicated upon section

1

1  405(g) of the Social Security Act, which authorizes judicial
2  review of a "final decision" of the Secretary of Health and Human
3  Services "made after a hearing."  See 42 U.S.C. §§ 405(g),
4  1395ff.  The parties agree that the decision of the ALJ
5  constitutes the "final decision" of the Secretary where, as here,
6  the Medicare Appeals Council has declined to review or issue any
7  order on the ALJ decision.  See 42 C.F.R. §§ 405.1048(a)(1),
8  405.1132.  The court need not decide whether the Social Security
9  Act or the Administrative Procedure Act provides the standard of
10 review applicable to this motion, because the outcome is the same
11 under either approach.
12        Plaintiff styles the instant motion as one to
13 "complete" the administrative record, arguing that while the
14 documents at issue were not before the ALJ, they were, in fact,
15 considered by the Medicare contractors in making the appealed
16 determinations.  This argument is factually unsupported by both
17 the allegations of the complaint and the record before the court.
18        Plaintiff first seeks to include documents concerning
19 various recalculations of the overpayment assessed against it.
20 There is no indication that the ALJ decision relied on these
21 documents.  The topic of overpayment recalculations was entirely
22 unaddressed by the ALJ's decision, nor did plaintiff raise it
23 before the ALJ beyond a passing reference.  (See ALJ Decision at
24 11; Admin. Record at 3247-3250, 7001-7042.)  Indeed, it appears
25 that the overpayment recalculations were not at issue in any of
26 the decisions throughout the relevant appeals process, which did
27 not provide calculations of the overpayment owed.  (See Admin.
28 Record at 769-780, 3263-3319, 3720-3743, 4457-4495.)

Rather, plaintiff contends that the recalculations were separately made (or should have been made) by one of the contractors following each partially favorable decision. (See FAC ¶¶ 221-22, 227-28, 234-36; see also Admin. Record at 387, 991.) The court cannot possibly conclude that any agency decisionmaker meaningfully "considered" the overpayment recalculations, whether "directly or indirectly," see Blue Mountains Biodiversity Project v. Jeffries, 99 F.4th 438, 452 (9th Cir. 2024), when none of the decisions under review by the ALJ addressed that issue.

Plaintiff next seeks to include a file containing the statistical "universe" of Medicare claims used to determine the overpayment amount that includes, rather than excludes, certain "zero-paid" claims.[1] Once again, there is no indication that the ALJ considered such a document. In fact, again, there is no evidence that any of the Medicare contractors involved considered this document. To the contrary, the complaint alleges, and the record indicates, that the universe file relied upon by the contractors excluded zero-paid claims. (See FAC ¶ 214 ("The purported universe file included only fully and partially paid claim lines; all zero paid claims had been removed, as explicitly stated by [Medicare contractor]"); ALJ Decision at 11; Admin. Record at 3311, 3314, 4490.)

---

[1] As relevant background, the Medicare contractors relied upon "statistical sampling and extrapolation" to calculate the overpayment, which requires designation of a "target universe" from which the sampling is conducted. (See FAC ¶¶ 129-30, 179, 210-111.) The "universe" utilized by the contractors allegedly excluded "zero-paid" claims, which are "fully adjudicated claims for which the payment amount was zero." (See id. ¶¶ 166, 214.)

             Plaintiff's first claim contends that this exclusion led to errors in the statistical extrapolation process and thereby violated due process.  (See FAC ¶ 246 ("[Medicare contractor] improperly excluded zero-paid claims from the sample frame in conducting its statistical sampling and extrapolation").)  Plaintiff cannot now argue that a universe file including zero-paid claims was considered by the agency, when the theory it advances is premised on the fact that the agency <u>failed</u> to consider those claims.

             The court also notes that both the ALJ's conclusions concerning the statistical extrapolation and the due process claims brought by plaintiff in this action raise legal questions that do not require examination of the underlying overpayment calculations or Medicare claims data.  (<u>See</u> ALJ Decision at 11; FAC ¶¶ 243-78.)  Accordingly, the court's consideration of this case would not be aided by the documents plaintiff seeks to include.  <u>Cf.</u> <u>Fence Creek Cattle Co. v. U.S. Forest Serv.</u>, 602 F.3d 1125, 1131 (9th Cir. 2010) (expansion of administrative record is appropriate where necessary "to determine if the agency has considered all factors and explained its decision" or "to explain technical terms or complex subjects").

             The court thus concludes that plaintiff has failed to provide "clear evidence" to overcome the "presumption of regularity" applied to "an agency's statement of what is in the record," <u>see</u> <u>Goffney v. Becerra</u>, 995 F.3d 737, 748 (9th Cir. 2021), and will deny plaintiff's motion.

             To be clear, the court makes no determination as to the propriety of either the Secretary's alleged failure to provide

                                    4

plaintiff with the overpayment recalculations or the exclusion of zero-paid claims from the statistical universe; these are merits-based questions inappropriate for consideration on this procedural motion.  But it is plain that the relevant agency decision making processes did not rely on these materials, nor does the court require them.

      IT IS THEREFORE ORDERED that plaintiff's motion to compel completion of the administrative record (Docket No. 27) be, and the same hereby is, DENIED.

Dated:  August 21, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5